IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLYDE KIRKWOOD, | No. C-06-04380 EDL |
| Plaintiff, | Related to Case No. C-07-3857 EDL |
| v. | **PRETRIAL ORDER** |
| REEDEREI F LAEISZ GMB LL ROSTOK, | |
| Defendant. | |

The Court held a pretrial conference in the above captioned cases on February 12, 2008. In accordance with the Court's rulings at that conference, it is HEREBY ORDERED that:

SETTLEMENT

The Court refers the matter back to the Honorable Wayne D. Brazil for a further settlement conference if he has time.

MOTIONS IN LIMINE

For the reasons stated at the pretrial conference, Plaintiff's Motion to Exclude Testimony and Evidence is DENIED IN PART AND GRANTED IN PART. The statement of facts document prepared by the master of the vessel is EXCLUDED. The Court will allow testimony of second mate Delmundo as to the issue of whether Plaintiff was wearing a safety helmet on the day of the accident, and will allow Plaintiff to call Johnie Thomas as a witness on the same issue.

Plaintiff's Motion to Exclude Mention and Evidence of Collateral Sources is GRANTED and Defendant's Motion to Disqualify Hughlett from Providing Expert Testimony is DENIED. If Defendant can make a more direct and immediate showing of Mr. Hughlett's alleged bias, which it has completely failed to do so far, the Court will consider allowing the evidence of collateral source information as impeachment only, but it is unlikely that Defendant will be able to make such a

showing.

Defendant's Motion to Exclude Photographs is DENIED, subject to proper authentication by the witness.

Defendant's Motion for an Order Establishing a Presumption is DENIED.

JOINT LETTER FROM COUNSEL

The parties shall meet and confer regarding paring down the testimony of their expert witnesses and stipulating to certain facts regarding economic damages and the neuropsychological impact of Plaintiff's injury. The parties shall report back to the Court no later than 10:00 a.m. on February 19, 2008 via a jointly filed letter as to the status of their meet and confer efforts and whether, despite good faith efforts to shorten time needed for witness testimony, any additional trial time beyond the 8 ½ hours each currently allocated is truly needed.

In that same letter, the parties shall notify the Court about the following jury instruction matters: whether they agree to allow the jurors to have interim discussions about the case when all are present inside the jury room; and whether any translation into English will be necessary. The parties shall also provide a joint statement of undisputed facts for the undisputed facts jury instruction and a joint statement of listed damages for the instruction regarding measures of types of damages.

EXHIBITS

The parties shall meet and confer to further cull down and refine their exhibits. No later than 12:00 p.m. on February 21, 2008, the parties shall submit to the Court two sets of exhibits, and shall notify the Court as to whether they stipulate to the exhibits' admissibility. If either party has any remaining objections to any of the exhibits, the parties shall submit a joint letter, outlining each objection and response and specifying precisely which portion of which exhibits the party objects to.

TRIAL MECHANICS

Each side shall have 8 ½ hour hours for trial for openings, closings, and examinations of witnesses.

The witnesses shall be sequestered during trial.

Each side shall have three peremptory challenges. The Court will select a jury of eight

persons.

Each side shall have 15-20 minutes to ask follow up voir dire questions after the Court conducts initial voir dire. Each side shall have five minutes to make a mini-opening statement prior to jury selection.

**IT IS SO ORDERED.**

Dated: February 14, 2008

ELIZABETH D. LAPORTE
United States Magistrate Judge